IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 01-cv-01197-LTB-BNB

PAUL F. RATHER,

Plaintiff,

v.

JOHN SUTHERS,
LEE HENDRIX,
JOHN TALTON,
MICHELLE NYCZ,
LOU NORDINE, and
STEVEN PONTIUS,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendants' Motion to Dismiss Plaintiff's Religious Land Use and Institutionalized Persons Act Claims** (the "Motion"), filed October 29, 2003. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The defendants submitted the Motion under Rule 12(c), Fed. R. Civ. P. Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The defendants have not filed an answer.

Consequently, the pleadings are not closed. I construe the Motion as a motion to dismiss under Rule 12(b).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Colorado Territorial Correctional Facility. The plaintiff filed his Second Amended Prisoner Complaint (the "Complaint") on April 7, 2003. The incidents alleged in the Complaint involve his incarceration at both the Sterling Correctional Facility and the Colorado Territorial Correctional Facility.

The Complaint alleges the following:

The plaintiff practices the Asatru/Odinist religion. He submitted to the prison proposals outlining the practice of the Asatru/Odinist religion. The proposals were denied. The defendants instead promulgated Administrative Regulation ("AR") 800-1, which is contrary to the plaintiff's religious beliefs and practices. The plaintiff and his religion were subsequently labeled as white supremacist.

The Complaint asserts five claims against the defendants: (1) failure to recognize the plaintiff's religious practices in violation of his right to free exercise of religion; (2) religious and

racial discrimination in violation of the equal protection clause; (3) retaliation for exercising his religion; (4) conspiracy to favor "Abrahamic religions" over "Nature-based" religions in violation of the establishment clause; and (5) malicious prosecution of the plaintiff based on his free exercise of religion.[1]  The plaintiff seeks declaratory and injunctive relief; costs and attorneys' fees; and punitive and nominal damages.[2]  *Complaint*, twenty-eighth through thirty-third consecutive pages.  Although the plaintiff did not file a separate claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), he seeks a declaratory judgment that the defendants violated "his right to free exercise of religion pursuant to the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000(cc)."  Id. at twenty-eighth consecutive page.  Construing the Complaint liberally, it asserts a claim under RLUIPA, 42 U.S.C. 2000cc-1.

### III.  ANALYSIS

The defendants challenge the constitutionality of RLUIPA, arguing that it (1) violates the Establishment Clause of the First Amendment; (2) violates the Separation of Powers doctrine; (3) exceeds Congress' enumerated powers under the Spending and Commerce Clauses; and (4) impinges on State sovereignty in violation of the Tenth Amendment.  The defendants present a facial challenge to RLUIPA.

When considering a facial challenge to a federal statute, the court "must start with the venerable rule of statutory construction that a statute is presumed to be constitutional unless

---

[1] To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[2] The plaintiff's claims for compensatory damages were dismissed on October 8, 2004.  *Order* dated October 8, 2004.

3

shown otherwise." Branson School Dist. RE-82 v. Romer, 161 F.3d 619, 636 (10th Cir. 1998) (citing Romer v. Evans, 517 U.S. 620, 643 (1996)). "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987).

RLUIPA was signed into law on September 22, 2000. Pub. L. No. 106-274, 114 Stat. 803-807. The statute was enacted to "protect religious liberty" with regard to state and local land use regulations and institutionalized persons in the custody of states and localities. Id. Only section 3, which addresses institutionalized persons, is at issue here. Section 3 of RLUIPA provides:

> (a) General rule
>
> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.
>
> (b) Scope of application
>
> This section applies in any case in which--
>
> (1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; or
>
> (2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.

42 U.S.C. 2000cc-1.

The defendants assert that section 3 of RLUIPA violates the Establishment Clause. After the defendants filed their Motion, the United States Supreme Court declared that RLUIPA does not violate the Establishment Clause. Cutter v. Wilkinson, 125 S.Ct. 2113 (2005). Accordingly, I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the plaintiff's RLUIPA claim on the basis that it violates the Establishment Clause.

The defendants further assert that section 3 of RLUIPA violates the Separation of Powers doctrine; exceeds Congress' enumerated powers under the Spending and Commerce Clauses; and impinges on State sovereignty in violation of the Tenth Amendment. These arguments have not been addressed by the Supreme Court or the Tenth Circuit Court of Appeals. Other circuit courts, however, have uniformly denied these constitutional challenges to RLUIPA. Benning v. Georgia, 391 F.3d 1299, 1305-1309 (11th Cir. 2004) (holding that RLUIPA is a valid exercise of Congress' spending power and does not violate the Tenth Amendment); Charles v. Verhagen, 348 F.3d 601 (7th Cir. 2003) (rejecting Tenth Amendment and Spending Clause challenges); Mayweathers v. Newland, 314 F.3d 1062 (9th Cir. 2002) (rejecting Spending Clause, Tenth Amendment, and Separation of Powers challenges).

The defendants reiterate the same arguments considered and rejected by these courts. I find persuasive the reasoning of the courts that have rejected challenges substantially identical to the defendants' challenges here. Accordingly, I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the plaintiff's RLUIPA claim on the basis that it violates the Separation of Powers doctrine; exceeds Congress' enumerated powers under the Spending and Commerce Clauses; and impinges on State sovereignty in violation of the Tenth Amendment.

## IV. CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss Plaintiff's Religious Land Use and Institutionalized Persons Act Claims be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 20, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge